FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 30 2016

JAMES W. McCORMACK, CLERK
By: [signature]
DEP CLERK

United States District Court
Eastern District of Arkansas
Pine Bluff Division

Chris Ward pro sé

Plantiff

v.

CASE # 5:16CV312-BSM-BD

Wendy Kelley, Asa Hutchinson, unknown policy makers, Steven Williams, Barbra Williams, Pearlie Johnson, Marvin Evans, David Knott, unknown mailroom workers, unknown commissary workers, unknown publication commitees, unknown classification commitees, mr. Brown, Terrie Banister, Raymond Naylor, Jada Lawerence, mr. Self, John Maples, Justine Minor, David White, Marshall Reed, Moses Jackson, Sandra Redwood, Garry Jenkins, Keith Waddle, ms. Mena, ms. Meadows, Seth Borchert, Tony McHan, Sharon Cantrell, ms. Robins, Gloria Thompson, Michael Anderson, Taylor Landess, John Rodgers, mr. Lowe, Samuel Knight, Steven Mitchell, Warren Walker, Randall Watson, mr. Franks, Dexter Payne, Jesse Jackson, Michael Demery, ms. Cookrey, mr. Green, ms. Lowden-Smith, mr. Roberson, mr. Arnold, ms. Coleman, mr. Ricketts, unknown K9 people, unknown medical people, ms. Hudson, Brian Cockrell, Lucretia Jackson, mr. Williams, ~~Barbra Williams~~, Jason Kelley, Gary Griffin, D. Compton, unknown grievance people, unknown people, unknown liability insurance company(s)

Defendants

## I. Jurisdiction and Venue

This civil action is authorized by 42 USC 1983 in violation of: Amendment I, Amendment V, Amendment VI, Amendment VIII, Amendment XIII, Amendment XIV, 42 USC 2000cc, 42 USC 2000cc-1, 42 USC 2000cc-2, 42 USC 2000d-7, 42 USC 1981, 42 USC 1982, 42 USC 1985, 42 USC 1986, 42 USC 1994, 42 USC 1996, AR Const. Art. 2 §2, AR Const. Art. 2 §3, AR Const. Art. 2 §4, AR Const. Art. 2 §6, AR Const. Art. 2 §13, AR Const. Art. 2 §18, AR Const. Art. 2 §21, AR Const. Art. 2 §24, AR Const. Art. 2 §25, ACA 16-123-105, ACA 16-123-106, ACA 16-123-107, ACA 16-123-108, ACA 25-15-214, ACA 12-29-201, ACA 12-41-102, ACA 12-28-101, ACA 12-28-107, ACA 12-29-101, ACA 12-29-202, ACA 12-29-106, Articles 2, 4, 8, 18, 20, 23, 24, 28 of the Universal Declaration of Human Rights and various Mandela Rules. 28 USC 1367 gives this court supplement jurisdiction over state claims. ACA 23-79-210 allows me to name the liability insurance company(s) as defendants

This case assigned to District Judge Miller
and to Magistrate Judge Deere

## I. Plaintiff

Chris Ward 651503 — inmate
Po Box 400
Grady AR 71644

## II. Defendants

| | Name | Position | Location |
|---|---|---|---|
| 1. | Wendy Kelley | director | Central Office |
| 2. | Asa Hutchinson | governor | state capitol |
| 3. | Unknown policy makers | unknown | unknown |
| 4. | Steven Williams | warden | Tucker |
| 5. | Barbra Williams | inmate grievance supervisor | Central Office |
| 6. | Pearlie Johnson | inmate grievance coordinator | Tucker |
| 7. | Marvin Evans | deputy director | Central Office |
| 8. | David Knott | lieutenant | Tucker |
| 9. | unknown mailroom workers | unknown | Tucker |
| 10. | unknown mailroom workers | unknown | Varner |
| 11. | unknown mailroom workers | unknown | Varner Super max |
| 12. | unknown commissary workers | unknown | Tucker |
| 13. | unknown commissary workers | unknown | Varner |
| 14. | unknown commissary workers | unknown | Varner Supermax |
| 15. | unknown publication commitees | unknown | tucker |
| 16. | unknown publication commitees | unknown | Varner |
| 17. | unknown publication commitees | unknown | Varner Supermax |
| 18. | unknown publication commitees | unknown | Central office |
| 19. | unknown classification commitees | unknown | Tucker |
| 20. | unknown classification commitees | unknown | Varner |
| 21. | unknown classification commitee | unknown | Varner Supermax |
| 22. | mr. Brown | sergeant | Varner Supermax |
| 23. | Terrie Banister | hearing officer | Central Office |
| 24. | Raymond Naylor | unknown | Central Office |
| 25. | Jada Lawerence | executive assistant to director | Central Office |
| 26. | mr. Self | major | Tucker |
| 27. | John Maples | sergeant | Tucker |
| 28. | Justine Minor | hearing officer | Central Office |
| 29. | David White | warden | Tucker |
| 30. | Marshall Reed | chief deputy director | Central Office |

| | | |
|---|---|---|
| 31. Moses Jackson | warden | Tucker |
| 32. Sandra Redwood | inmate grievance coordinator | Varner |
| 33. Garry Jenkins | correction officer | Tucker |
| 34. Keith Waddle | hearing officer | central office |
| 35. ms. Mena | classification officer | Tucker |
| 36. ms. Meadows | correction officer | Tucker |
| 37. Seth Borchert | officer first class | Tucker |
| 38. Tony McHan | deputy warden | Varner |
| 39. Sharon Cantrell | program specialist | Varner |
| 40. ms. Robins | sergeant | Varner supermax |
| 41. Gloria Thompson | inmate grievance coordinator | Varner |
| 42. Michael Anderson | sergeant | Tucker |
| 43. Taylor Landers | corporal | Tucker |
| 44. John Rodgers | sergeant | Varner |
| 45. mr. Lowe | deputy warden | Tucker |
| 46. Samuel Knight | sergeant | Varner |
| 47. Steven Mitchell jr | sergeant | Varner |
| 48. Warren Walker | sergeant | Varner |
| 49. Randall Watson | warden | Varner |
| 50. mr. Franks | sergeant | Varner |
| 51. Dexter Payne | assistant director | Central Office |
| 52. Jesse Jackson III | sergeant | Varner |
| 53. Michael Demery | captain | Varner |
| 54. ms. Cookrey | unknown | Tucker |
| 55. mr. Green | sergeant | Tucker |
| 56. ms. Lowden-Smith | sergeant | Tucker |
| 57. mr. Roberson | lieutenant | Tucker |
| 58. mr. Arnold | sergeant | Tucker |
| 59. ms. Coleman | sergeant | Tucker |
| 60. mr. Ricketts | major | Tucker |
| 61. unknown K9 people | unknown | Central Office |
| 62. unknown medical people | unknown | Tucker |
| ~~unknown medical people~~ | unknown | Varner |
| 63. ms. Hudson | unknown | Tucker |
| 64. Brian Cockrell | unknown | Central Office |
| 65. Lucretia Jackson | inmate grievance coordinator | Varner |
| 66. mr. Williams | unknown (sergeant) | Tucker |
| 67. Jason Kelley | unknown | Unknown (Varner) |

| | | |
|---|---|---|
| 68. Gary Griffin | director | unknown (central office) |
| 69. D. Compton | rehab program manager | unknown (Varner) |
| 70. unknown grievance people | unknown | Central Office |
| 71. unknown people | unknown | Tucker |
| 72. unknown people | unknown | Varner |
| 73. Unknown liability insurance Company(s) | unknown | unknown |

| | | |
|---|---|---|
| Tucker Unit | 2500 State Farm Road | Tucker AR 72168 |
| Central Office | 7500 Corrections Drive | Pine Bluff AR 71611 |
| Varner Unit | 320 Hwy 388 | Grady AR 71644 |
| State Capitol | 500 Woodland St., Ste. 250 | Little Rock AR 72201 |

I am suing all defendants in both offical and personal capacity.

# IV. Facts

1. The disciplinary process is so slanted as to make it where the inmate has no chance of defending himself against his masters. The process leading up to the hearing lacks meaningfulness. The hearing itself is not meaningful. The appeal process is not meaningful.
2. There is a policy or custom that only allows the inmate to name witnesses at the time when the disciplinary is served, not allowing the inmate time to investigate who may of been a witness. Witness can not be added or called later. This makes setting up a defence difficult or impossible. This has been an issue in several of my disciplinaries.
3. There is a policy or custom that does not allow inmates to view any statements made by anyone, making it difficult or impossible to defend oneself in the disciplinary process. This has been an issue in all my disciplinaries.
4. There is a policy or custom that does not allow inmates to view any of the tangable evidence against oneself, not even photos of the evidence, or any other type of evidence that the hearing officer may or may not view, making it difficult or impossible to defend oneself in the disciplinary process. This has been an issue in most of my disciplinaries.
5. The hearing officers do not always view all the witness statements, this is evident by the time, or rather the lack of time, between the end of the inmate statement and the finding of guilt, that is the time when witness statements are read. This has been an issue in many if not all my disciplinaries.
6. The hearing officers have a custom of finding nearly 100% of inmates guilty. Even telling many "get it back on appeal". This custom is proof that the hearing officers are not impartial. This has been an issue in all my disciplinary hearings.
7. After being found guilty, the hearing officer nearly always gives "F1 report accepted" or "005 from staff supporting F1 report" as the only evidence relied upon. F1 report is what the disciplinary is based on. Never seeing a 005, I do not know what it is, which is my point. Not know what the evidence relied upon is, makes it impossible to defend oneself in the disciplinary process. This has been an issue in all my disciplinaries.
8. There is a policy or custom that an unknown person has short stopped the disciplinary appeal before the warden or director, intended person, gets to view and deside the appeal's merit. This person has rubber stamped nearly the same answers, some even verbatim. This negates the appeal process from the beggining. This has been an issue with some of my disciplinaries.
9. Step two, Raymond Naylor, of the disciplinary appeal process rarely responds then never in the time frame. I believe this is his way to frustrate and discorage inmates from exhausting the appeal process. This has been an issue in several of my disciplinaries. Wendy Kelley has ignored some too.
10. I have grieved these issues and I have wrote letters to Ms Kelley and Mr Hutchinson about these and several other violations, all to no avail. there is a policy or custom that denies grievances that have anything to do with disciplinaries or the process, and even matters that don't quite involve disciplinary matters,

they use that as an umbrella not to review grievances for merit.

11. December 19, 2014, I was being drug tested along with both sides of the barracks. Before me there were several positives. We all noticed the testers, one being David Knott, never changed gloves. So when his glove touched the part that was to be dipped in my sample I said something like "hey you just touch that part and your gloves are contaminated." Yet he used the contaminated stick to test my sample.

12. December 30, 2014, the drug test report came back stating I was positive, the same day I recieved a disciplinary. Nine days later, 1-8-15, while awaiting in line for my turn for the disciplinary hearing I was served a disciplinary, by Ms. Lowden-Smith, for the same incident but the charges were different. This violates policy and Due Process. AD 13-10 (VIII)(D)(1)

13 January 8, 2015, when Ms. Lowden-Smith reserved me that disciplinary I told her I'd like to add a witness, she told me I wasn't allowed to.

14. According to policy a disciplinary is to be wrote no later than 72 hours after discovery of incident. Ms. Lowden-Smith served me well over a week later.

15. According to policy a disciplinary shall not be heard after seven bussiness days from when it was served. this was tene days, December 30, 2014, to January 9, 2015.

16. Then dealing with the same disciplinary but on appeal they again violated Due Process. January 9, 2015 I was found guilty, that same day I appealed to the warden. January 13 2015 the warden affirmed. January 17, 2015 I appeal his decision to the disciplinary hearing administrator. Raymond Naylor, after 34 days and no answer, February 20, 2015 I appealed to the director. Then on April 24, 2015, I recieved a response from both Raymond Naylor and Jada Lawrence. But here's where the confusion comes in. Jada Lawrence's correspondence is dated March 4, 2015, and says that I have not followed the process, that I did not appeal to the disciplinary hearing administrator (DHA), though I knew I had on 1-17-15. Raymond Naylor's correspondence is dated March 23, 2015, it said that he had my appeal dated 2-3-15. RED FLAG! x2. ① I know my appeal is not dated 2-3-15 ② why did it take him more than 45 days to answer if it was dated 2-3-15. My appeal was denied. So now that I have DHA responce, recieved March 23, 2015, March 26, 2015, I again appealed to the director, and get this. Jada lawrence's correspondence was dated May 22, 2015, but I did not recieve it until August 10, 2015. And then the grievance was not answered or returned.

17. Jada Lawrence is an assistant, why is she denying my appeals anyway. Appeals are to be reviewed for merit by the director. Jada Lawerence negated my Due Process.

18 At the disciplinary hearing I was reduced to class IV and given 30 days punitive followed by 60 days restriction. The punitive and restriction kept me from listening to the news. On restriction, I wasn't allowed to buy many hygiene items such as floss and q-tips, or items for work such as leather gloves and sunscreen, or items to listen to the news such as batteries, headphones, or radio.

19. Because of this disciplinary I recieved supplement punishments without a hearing. I recieved a year no contact visits, loss of my hobby craft privilege, assigned to slave laybor, loss of special projects privilege, my room and assignment in the pal. program. Reassigned to the squalid parts of Tucker

where there is so many lights on all the time, even "lights out" is only for 5½ hours, then still there's at least 10 lights on, all double bulbed, the barracks not being very big. The squalid parts of Tucker where other inmates masterbate openly in the dayroom, and fight and steal very often, my radio was stolen in there.

20. My radio was stolen, commissary wouldn't sell me one, restriction, I couldn't listen to the news so I filed a grievance. A buddy let me use his until he got out of the hole. Then David Knott seen me with this radio, said to me to give him that radio, that he had just read my grievance about not being able to buy a radio.

21. As was my assignment to slave laybor I was to work outdoors around 8 hours a day under the sun, unable to buy sunscreen I recieved a severe sunburn, a sunburn medical refused to treat

22. April 15, 2015, I went to classification to get my class III restored but when I got there I was told because I wasn't clean shaved I wouldn't get my class. I maintain that I was within policy, also it's part of my Native Heritage not to shave. I also want to point out that another inmate, Rokioski Humphrey, went to classification that same day with a goatee, he was told to shave too, yet he recieved his class III. I believe it was due to his race

23. Later that day 4-15-15, I was on my way to the law library when John Maples stopped me asking for my pass and id. Informing him I had forgotten my i.d. he told me to go back to the barracks, that I couldn't go to the law library that evening. So I started to head back when another inmate stopped me, handed me back my envelopes, explaining that I had dropped them in the hallway. John Maples then yelled at me telling me to bring those to him, I complied, explaining to him what had just been explained to me. He got to yelling at me calling me a liar, then he started yelling at me about shaving. He then took my photo and told me to go back to the barracks. I asked him about my envelopes, telling him one is even addressed to me and was sent by an attorney. He told me that I couldn't have them back. I told him I would file a grievance. He then said he would write a disciplinary.

24. April 21, 2015, I was served a disciplinary about the above. In the disciplinary I seen where it referenced photos, so I asked to see the evidence they planned to use against me, ms. Hudson told me I was not allowed to. So I asked her if I could view witness statements after they're all collected, she told me I wasn't allowed to see those either.

25. April 23, 2015, at the disciplinary hearing I informed the hearing officer, Justine Minor I had not seen the evidence yet I was found guilty and received class IV and 30 days punitive. Also there was inmate Rokiosi Humphrey, also for not shaving, also wrote up by John Maples. Yet he only recieved is restriction. We are similarly situated yet he received a much lighter sentence due to his race.

26. Again this punitive restriction kept me from listening to the news, by restricting my purchase of batteries.

27. Also due to this disciplinary they continued to deprive me of special projects, continued to house me with the more violent inmates and sex deviants, continued to keep me in the field doing slave laybor, too much light

28. May 26, 2015, during shakedown the K9 people were shaking down a buddy's rack when I seen one pick up an envelope then ask the barracks, "who's Stewart Vest?". I answered that he was an attorney.

I then seen the K9 person rip the envelope up and throw it on the floor. I spoke up saying, what are you doing, that's legal mail. They asked me where my rack was, I showed them, they cuffed me and took me to the infirmery for pre-lock-up. then to west isolation.

29. Later that same day 5-26-15, I was brought a confiscation form naming several items, some I still don't know what were. But what was more is I was missing way more property than what was on that list. They confiscated my chalice, some tape and glue that I had purchased through the hobby craft program, and my headphones. Other items that were missing were: 5 photos of my sister, lotion I had recieved from medical, miscellaneous papers which were notes for a lawsuit, 13 envelopes, 4 highlighters, 3 pens, 4 batteries, 2 magazines, pair of insolses, 2 t-shirts, 2 pair socks, 2 boxers, towel, laundry bag and my pillow. None of this was replaced. Even the grievance I wrote about this came up missing, twice. I never received a hearing for this.

30. Unknown date, I was served a disciplinary about the above, when asked for witnesses I told... I believe it was ms. Hudson, that I'd submit them later, and asked her to view the evidence that was to be used against me, she told me that I wasn't allowed to.

31. Later I went to submit my witness list to ms. Lowden-Smith, she told me I wasn't allowed to.

32. June 4 2015, at the hearing I informed the hearing officer, Justine Minor, that I hadn't been allowed to view the evidence, nor did they get my witnesses, and due to this I was unable to prepare a defense. Yet I was still found guilty, reduced to class IV, and placed in punitive isolation for 30 days.

33. Punitive isolation doesn't allow news, and was so hot I'd get blurred vision and headaches.

34. The mailroom withheld my booklets from my paralegal correspondence course, and probably other mail.

35. June 17 2015, while in punitive, in the shower, in front of David Knott I was informing other inmates that the "72" was illegal. The next day 6-18-15, David Knott stopped by my cell and told me that if I continued to tell inmates about the law I would regret it.

36. June 19, 2015, I was brought paperwork about being assigned ad-seg. Then later that night my door was blocked off from air flow by ms. Meadows, when asked why she said she didn't know. Also about this time my law library requests quit coming in.

37. June 22, 2015, I was told to pack my property lunchish by mr. Green saying I was going to get shipped. I didn't get shipped nor did I get my property back. To be clear all I had in my cell was what I was wearing and my bedding. June 23, 2015, I was told maybe they'll ship you tomarrow, and was refused my property. June 24, 2015, around 7pm, mr. Green gave me my hygiene but nothing else. June 25, 2015 mr. Green told me to be patient, that he would get my property to me, but instead he went home. June 26, 2015, I asked ms. Coleman for my stuff, religious and legal work, she said she would but never did. Later 6-26-15 I asked mr. Roberson for my religious and legal work, he responded "it's not my job." June 27, 2015, I asked ms. Coleman again for my religious and legal work, she did bring most of my legal work. June 28, 2015 I asked ms. Coleman for the rest of my legal work, my dictionary, my address book, and religious book. she then said "Now you're trying to do too much."

38. June 22, 2015, when my property was being "inventoried" by mr. Green, he took the following items without a hearing: a watch, ruler, book, glasses case, mp4 case, 10+ batteries, voodoo doll, hygiene

bag, 3 fingernail clippers, shower shoes, deoderant (actually destroyed by mr. Williams), headphone parts, 3 pencils, an eraser, 2 paper clamps, hand crafted pentacle, 2 sheets, 2 pillow cases, 3 pair of socks, 1 thermal set, 2 big towels, a little towel, 2 boxers, 8 razors. Inmate portess ended up with my stuff

39. During the time my property was packed, lunchish 5-22-15 to 5-29-15 I missed deadlines for filing grievances due to my not having access to those grievances.

40. Also the mailroom was withhold grievances and probably other mail, which made me miss deadlines for filing grievances.

41. Because of the 5-26-15 disciplinary I recieved supplement punishments without a hearing. I recieved a year class IV, continued assignment to slave laybor, continued loss of special projects, continued assignment to the squalid parts of tucker with the more violent and sexual deviants, where the lights never go off.

42. On my appeals I told Raymond Naylor and then Wendy Kelley about how my witnesses weren't called and how I wasn't allowed to view the evidence, yet they both affirmed my guilty verdict.

43. June 3, 2015, I was served a disciplinary for not going to work. June 11, 2015, I was found guilty. The next day 6-12-15 I appealed to the warden. June 16, 2015, the warden affirmed so the next day 6-17-15, I appealed to Raymond Naylor, the DHA. After 32 days and no response I appealed to Wendy Kelley on 7-19-15. On September 27, 2015, I recieved correspondence from Jada Lawrence saying I had not appealed to DHA, and therefore affirming my disciplinary. But I know I had. I received 30 days punitive.

44. Again Jada Lawrence being an assistant, what authority does she have to affirm my disciplinary.

45. Unknown date, I was called to an office for a disciplinary hearing. I didn't get an advance notice, I wasn't allowed to call witnesses, just called into an office, told I was wrote up for not going to work. I told ms. Wilkins that the work violates tenets of my religion. I was found guilty, given 20 days of restriction, and told there is no appeal.

46. Again the restriction kept me from buying certain hygiene products and the batteries needed to listen to the news.

47. Because of those disciplinaries I recieved supplement punishments without a hearing, continued assignment to the very same slave laybor that violates my religion, continued loss of special projects, and contined assignment to the squalid with the more violent and sexual deviants, where the lights never go off.

48. November 23, 2015, I was told I was to move. Upon finding out the barracks I informed Seth Borchert I would not be safe in that barracks. He contacted Michael Andesson, and I explained to him I was not safe in that barracks. They desided to lock me up and write me a disciplinary if I didn't move to the unsafe barracks.

49. To further my punishment Michael Anderson desided to search my property taking legal work, notes, other papers, pens, highlighters, and my pornography. I didnot recieve a hearing for this.

50. To further my punishment the mailroom desided to withhold my mail. Over the past nine months I have been recieving mail from this time period. I did not recieve a hearing for this.

51. November 30, 2015, I was served a disciplinary for a 2-13 and a 12-1. At this point there isn't a 12-1, 12-1 was stricken from the books.

52. December 3, 2015, I was found not guilty of the 2-3, but guilty of the 12-1 (which is repealed) and

given 15 days punitive and reduced to class IV by Justine Minor, relying on evidence I hadn't seen.

53. David White affirmed this disciplinary.

54. December 16, 2015, I was told I was to move barracks. I explained to Taylor Landess that cpt Moore had recently removed me from the barracks I was to move to, for safety issues, I was threatened by three inmates. He let me out of the barracks so I could talk to someone. I found John Maples, talked to him, he told me to go back to the barracks and pack, that I would move to 4B or WI (the hole). I went back and packed. David Knott and John Maples soon after showed up at my room. I again explained how cpt Moore recently removed me from that barracks because inmates threatened me. David Knott then said he don't care, that I was to move in there or get wrote up and put in the hole. I went to the hole.

55. Sometime later someone changed eOMIS to reflect that I was on punitive. I got off punitive 12-18-15. Someone, I believe David Knott or Ms. Mena changed eOMIS to reflect that my punitive started 12-18-15. I showed David Knott my paperwork to prove I wasn't on punitive, to which he responded, you're whatever I say you are. I recieved 15 extra days punitive. (see 52)

56. Due to this supplement punitive I recieved without a hearing they started pulling my mat in the mornings, I wasn't allowed commissary or news, I wasn't allowed my christmas package, and Mr. Self stole socks out of a christmas sack that was passed out, and mail and legal requests were withheld.

57. December 21, 2015, Mr. Ricketts told me I was on ad-seg. I recieved no hearing.

58 December 30, 2015, I was returned a grievance were Moses Jackson said he put me on his move list for ad-seg. I recieved no hearing.

59. December 29, 2015, I was served a five day extention on my disciplinary. Nine days later, January 7, 2016, I was served another five day extention. Moses Jackson.

60. I believe this second extention was because I had filed a grievance about several instances of misconduct and retaliation earlier that day.

61. January 11, 2016, at my disciplinary hearing after I gave my statement the hearing officer, Keith Waddle, paused the recording took a drink of soda, unpaused and said I was guilty. This is an issue because the time betweem my statement and verdict is to be used to read statements, which he didn't, he didn't read any statements.

62. Then he finds me guilty reliying on evidence I've not ever seen before FI report.

63. At the hearing I was given 15 days punitive. But I also recieved supplement punishment of not being able to buy envelopes, without a hearing.

64. Also my last appeal was never responded to by Wendy Kelley.

65. January 21, 2016, at classification at Varner, some lady said I was over here because I was a nuisance at tucker. I believe David Knott wrote derogatory things in my file to make others treat me poorly.

66. ~~Arond~~ January 26, 2016 I was assigned to ad-seg for every reason they have plus one more, none of which actually apply to me. This hearing didn't provide meaningfulness.

67. Being on ad-seg, at times I'm not given enough time to eat. Sometimes I will only get like seven minutes

between drop off and pick up of trays, several times I didn't get to finish eating. I have to live and eat in a bathroom, having to listen to my neighbors utilizing their toilet while I eat. I have to listen to other inmates yelling and beating on walls all hours of the day and night. The tv comes on and plays loudly wether I want it to or not, waking me up and keeping me from sleeping, even forcing me to listen to christian programs. The lights are so bright they make my eyes and head hurt, at night there's not enough light to do my studies or legal work. There are these creepy bugs crawling around my mat, and mice come and go eating my commissary and poopping all over my room, crawling on me at night.

68. March 31, 2016, sometime that evening an inmate brought me a disciplinary, told me he found it on the dayroom floor. The next morning I was called to the disciplinary hearing.
69. At the hearing I informed Justine Minor that I had not been able to call witnesses, that I was called to the infirmary at the same time they called work.
70. Furthermore I was not given a hearing assigning me to any job. Furthermore that job violates tenets of my religion. I never got to see the evidence relied upon.
71. Wendy Kelley did not respond to my appeal
72. At the hearing I was reduced to class IV and given 10 days punitive.
73. Due to this punitive I received supplement punishments, for which I didn't recieve a hearing. On punitive I was not allowed to purchase anything from commissary, no envelopes, no hygiene, no, batteries, which kept me from listening to the news. No pen, no paper either.
74. April 4, 2016, I was served another disciplinary for not going to work. Again I was never given any hearings assigning me to any job.
75. April 6, 2016, at the hearing I told Keith Waddle that that job violated tenets of my religion, this then started a conversation with another officer. That officer asked me my religion, I said eclectic Pagan, the officer said she'd never heard of that before, I told her that because there's not many of us around here. then Keith Waddle said "thank God". This proves prejudice. He then found me guilty and gave me 10 days punitive.
76. Wendy Kelley never responded to my appeal.
77. Due to this punitive I received supplement punishments without a hearing. I was not allowed to purchase anything from commissary, no hygiene, no batteries, no envelopes which kept me from communicating with my support systems. No pen and papers either.
78. April 7, 2016, I was served another disciplinary for not going to work. Still I had not received a hearing to assign me a job.
79. Aprill 11, 2016, I explained to Terrie Banister how the job violates my religion. Again I was not allowed to view the evidence relied upon. Again I was found guilty reduced to class IV and received 10 days punitive.
80. Due to this punitive I recieved supplement punishments without a hearing. I was not allowed to buy anything from commissary, nothing.
81. April 21, 2016, I was again served a disciplinary for not going to work. Still I had not received a

hearing assigning me to any job.

82. April 26, 2015, While explaining to Keith Waddle why I was not going to work he yelled "I don't care." Proving that he is not impartial. He then found me guilty and gave me 10 days punitive.
83. Again this punitive kept me from listening to the news, it kept me from communicating with my friends, family, religious leaders and legal places, and kept me from buying hygiene products.
84. May 2, 2016, I was served a disciplinary for not going to work. Still I had not received a hearing assigning me to any job. Also the time for which I was wrote up for, midnight, hoe squad don't even work at that time.
85. May 4, 2016, Even though hoe squad don't work at night I was still found guilty of not going to work, relying on evidence I've never seen. But the fact I was found guilty of not reporting to work at a time when everyone knows that job does not work, then it is affirmed all the way to the top, this proves that these people are not impartial. I will even say prejudice against inmates. Terrie Banister, Randall Watson, Raymond Naylor, Wendy Kelley all show on this disciplinary and others, that these hearing are meaningless, faux Due Process.
86. May 12, 2016, I was served a disciplinary for not going to work. I was never given a hearing assigning me to any job.
87. May 16, 2016, I had my disciplinary hearing with Terrie Banister. My witness told her about this big painful lump in my chest, I explained this job violated my religious beliefs, yet I was still found guilty given 10 days punitive and reduced to class IV. And it was affirmed all the way up.
88. May 13, 2016, I was served a disciplinary for not going to work, to a job I was never given a hearing assigning me to any job.
89. May 18, 2016, I had my disciplinary hearing with Keith Waddle, I explained this job violated my religion. I was still found guilty and given 10 days punitive.
90. The last three disciplinaries resulted in supplement punishments, resulting in my not being able to write or call anyone, nor could I listen to the news. And kept me from replying to the court.
91. On appeal I offered alternative work that would not violate my religious beliefs, that alternative was denied and my appeal was affirmed.
92. May 20, 2016, I was served a disciplinary for not going to work, still I have not had a hearing to assign me a job.
93. May 24, 2016, I was found guilty even though I explained this job violated my religous beliefs. I was reduced to class IV and given 10 days punitive by Justine Minor. Affirmed all the way.
94. This disciplinary continued my supplement punishment of not being allowed contact with the outside world, not even able to listen to the news. And kept me from replying to the court.
95. May 31, 2016, I was served another disciplinary for not going to work, still I have had no hearing to assign me any job.
96. June 2, 2016, I was found guilty by Terrie Banister even though I explained how that job violated my religious beliefs, receiving 10 days punitive, reduced to class IV
97. Just like all disciplinaries before this one I was not allowed to see any of the evidence relied upon.

98. Wendy Kelley did not respond to my appeal.

99. About mid May I started getting depressed and frustrated due to my being cut off from my friends, family and religious advisors due to the supplement punishments I received from the punitive I had been receiving from the disciplinaries I was getting because I was ahering to religious beliefs. I got depressed and frustrated so I put in to see mental health.

100. May 26, 2016, I was called to mental health. While in mental health I expressed my angry thoughts in hopes to talk through them. Instead she just kept saying she has nothing to do with it that it wasn't her department. I explained to her about my religion, how how squad violates tenets of my religion, how I keep getting disciplinaries, how those disciplinaries keep me from being able to call or buy envelopes to write home. I express my feelings of hopelessness, how no one is listening to me, no one is willing to help this situation. I expressed anger at these people for ignoring reason. And how I have had thoughts of wanting to hurt them, and that's why I'm here, I did not want to hurt them. Shortly after leaving the office I went to chow where I was locked up, then wrote a disciplinary.

101. The disciplinary was full of lies yet on June 2, 2016, I was found guilty and received 30 days punitive and reduced to class IV, relying on evidence I was not allowed to see. Naylor didn't respond.

102. Due to me being locked up I was seperated from my legal papers and other relevant papers needed to comply with a court order. After several grievances, I still was not returned my legal work, by Mr. Brown.

103. Then to make things worse those grievances were mishandled, and even lied on. I'm still having problems with those grievances not being responded to or returned, withheld to a later date then filed as untimely. Even intercepted when I tried to exhaust my remedies, by Gloria Thompson.

104. I was held for 68 consecutive days without proper relief violating previous orders set out in Holt back in the 70s.

105. ISO 4, the hole, was infested with mosquitos, I would be woke up by mosquitos biting my face.

106. Also in this time May 26, 2016 through August 2, 2016, I was not allowed my addresses either, or deodorant for... Maybe like 30 days. Or my meds for.. maybe like 30 days or more.

107. ISO 4 doesn't allow news.

108. While in ISO 4 I had a laundry bag not get returned. June 16, 2016, I gave my laundry bag to a guard, never to be seen again. I had my sweats suit (top & bottoms) in there, 2 t-shirts, 2 pair socks, my thermal set (top & bottoms), 2 boxers, and my towel. Then Mr. Hynes refused to replace them. I never got a hearing for that.

109. Several times I would run out of tissue, the gaurds refusing to give me anymore, forcing me to hold me feces. But on June 27, 2016, after holding my feces for days I couldn't hold it any longer. I asked several times over those days for tissue, no guards, letting me have any. June 27, 2016, after deficating I had to use my hand to wipe rinsing my hand in toilet water in between wipes.

110. May 26, 2016 While being locked up Ms. Robins was "seperating" my property I watched her take a laundry bag I had purchased, she took my alter cloth, and medication. She's also the one who initially

seperated me from my legal work and earlier mentioned items. I complained to her and she told me it was too hot to be messing with my stuff, she then threatened me with a disciplinary.

111. August 2, 2016, upon receiving my property I noticed I am missing alot of my property. 2 t-shirts, 1 pair socks, 2 sheets, 2 boxers, 3 pencils, 30 batteries, 1 highlighter, 1 mirror, 1 big bowl, 1 deodorant, earbud box with receipt and 2 sets of cushions, 1 sony radio, date book (used for notes), rune book, and my future witness list, all was missing from my property. They refused to give me a hearing for this.

112. June 7, 2016, I was assigned ad-seg because I told classification that I don't go to hoe squad because it's against my religion, I feel that it's slavery and I filed a lawsuit against ADC. I even offered an alternative job that would provide meaningfullness and further my rehabilitation.

113. Being on ad-seg I have to live and eat in a bathroom, having to listen to my neighbors utilizing their toilet while I eat. I have to listen to other inmates yelling and beating all hours of the day and night. The tv comes on and plays loudly wether I want it to or not, waking me up and keeping me from sleeping, even forcing me to listen to christian programs. The tv distracts my focus on my studies. The lights are so bright they make my eyes and head hurt, then at night there's not enough light to do my studies and legal work. There are these creepy bugs crawling around my mat, and mice come and go eating my commissary, pooping all over my room, crawling on me at night.

114. August 9, 2016, I again went to classification. Again I asked to be assigned to law library, explaining hoe squad violates tenets of my religion. I was assigned citing threat to security and good order of the institution. This makes no sense. These hearings do not provide the meaningfulness as required.

115. Wearing hats in the dayroom will result in disciplinary action. This rule is an exaggerated response to prison concerns. The barracks are open, the dayroom and sleeping area are all the same area seperated by nothing. The dayroom is just as cold as the sleeping area, hence my needing to wear a tobagon.

116. Taking off shirts and shoes on the yard will result in disciplinary action. This rule is an exaggerated response to prison concerns. There is no reason why we can't off our shirts and shoes to absorb the life giving Sun and to ground oneself with Mother Earth.

117. Being under the blanket in the daytime will result in disciplinary action. This rule is an exaggerated responce to prison concerns, serving no purpose but to harrass. Many times I have chose to stay up all during the night to do my studies and meditations because it is mostly quieter. This leaves me sleepy during the day. Also to me the barracks are always cold.

118. Writing disciplinaries for pornography, not allowing inmates to receive publications with nudity or even sexually suggestive pictures is an exaggerated response to prison conditions and serves no purpose. I believe the lack of pornography is the reason why so many inmates masterbate at the gaurds.

119. I have corresponded many times with the people in position to fix and prevent these and further violations all to no avail. They all continued to neglect to prevent the violations from continuing.

# V. Claim

1. Wendy Kelley violated above named laws (see I. Jurisdiction and Venue) in reference to paragraphs: 1, 2, 3, 4, 7, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21, 24, 25, 26, 27, 32, 33, 41, 42, 43, 44, 46, 47, 52, 56, 59, 61, 62, 63, 64, 69, 71, 72, 73, 75, 77, 79, 80, 82, 83, 84, 87, 89, 90, 91, 93, 94, 96, 97, 98, 99, 101, 102, 104, 107, 119.
2. Asa Hutchinson violated above named laws in reference to paragraphs: 10, 119.
3. unknown policy makers violated above named laws in reference to paragraphs: 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 13, 16, 17, 18, 19, 20, 21, 22, 24, 26, 27, 28, 29, 30, 31, 32, 33, 34, 41, 42, 43, 44, 45, 46, 47, 48, 49, 52, 54, 56, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 107, 109, 110, 112, 113, 114, 115, 116, 117, 118.
4. Steven Williams violated above named laws in reference to paragraphs: 1, 3, 7, 11, 12, 14, 15, 18, 19, 20, 21, 26, 27, 41, 43, 45, 46, 47, 73, 77, 80, 83, 90, 94, 117, 118, 119
5. Barbra Williams violated above named laws in reference to paragraphs: 55, 102, 103, 105.
6. Pearlie Johnson violated above named laws in reference to paragraphs: 1, 9, 10, 19, 22, 23, 25, 29, 33, 41, 43, 47, 48, 49, 52, 54, 58.
7. Marvin Evans violated above named laws in reference to paragraphs: 18, 19, 21, 22, 23, 25, 26, 41, 43, 45, 46, 47, 73, 77, 80, 83, 90, 94, 115, 117, 118, 119.
8. David Knott violated above named laws in reference to paragraphs: 1, 18, 19, 20, 21, 35, 36, 37, 39, 54, 55, 56, 60, 65.
9. unknown Mailroom Workers violated above named laws in reference to paragraphs: 9, 16, 34, 40, 43, 50, 118.
10. unknown mailroom workers violated above named laws in reference to paragraphs: 9; 71, 76, 98, 118.
11. unknown mailroom workers violated above named laws in reference to paragraphs: 9, 64, 66, 101, 103, 118.
12. unknown commissary workers violated above named laws in reference to paragraphs: 18, 19, 20, 21, 26, 56.
13. unknown commissary workers violated above named laws in reference to paragraphs: 70, 73, 77, 80, 83, 90, 94, 99.
14. unknown commissary workers violated above named laws in reference to paragraphs: 63, 104.
15. unknown publication commitee violated above named laws in reference to paragraph: 118.
16. unknown publication commitees violated above named laws in reference to paragraph: 118.
17. unknown publication commitees violated above named laws in reference to paragraph: 118.
18. unknown publication commitees violated above named laws in reference to paragraph: 118.
19. unknown classification commitees violated above named laws in reference to paragraphs: 19, 21, 22, 27, 41, 47, 48, 54.
20. unknown classification commitees violated above named laws in reference to paragraphs: 70, 74, 78, 81, 84, 86, 88, 92, 95, 99.
21. unknown classification commitees violated above named laws in reference to paragraphs: 65, 67, 112, 113, 114.
22. Mr. Brown violated above named laws in reference to paragraphs: 102, 103, 106, 111.
23. Terrie Banister violated above named laws in reference to paragraphs: 1, 2, 3, 4, 5, 6, 7, 14, 15, 18, 19, 21, 79, 80, 84, 87, 90, 96, 97, 99, 101, 102, 104, 107, 119.
24. Raymond Naylor violated above named laws in reference to paragraphs: 1, 2, 3, 4, 7, 9, 11, 12, 13, 14, 15, 16, 18, 19, 21, 24, 25, 26, 27, 32, 33, 41, 42, 43, 59, 61, 62, 63, 69, 72, 73, 75, 79, 80, 82, 83, 84, 87, 89, 90, 91, 93, 94, 96, 97, 99, 101, 102, 104, 107, 119.

25. Jada Lawerence violated above named laws in reference to paragraphs: 1, 2, 3. 7. 8, 11, 12, 13, 14, 15, 16, 17, 18 19, 21, 43, 44, 46, 47.
26. mr. Self violated above named laws in reference to paragraph: 56.
27. John Maples violated above named laws in reference to paragraphs: 1, 23, 25, 26, 27, 54.
28. Justine Minor violated above named laws in reference to paragraphs: 1, 2, 3, 4, 5, 6, 7, 24, 25, 32, 52, 69, 72, 73, 93, 97, 99, 119.
29. David White violated above named laws in reference to paragraphs: 1, 2, 3, 4, 7, 9, 10, 18, 19, 24, 25, 26, 27, 32, 33, 34, 41, 46, 47, 52, 53, 55, 56, 57, 58, 60, 61, 62, 73, 77, 80, 83, 90, 94, 101, 107, 115, 119.
30. Marshal Reed violated above named laws in reference to paragraphs: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 19, 43, 52, 68, 70, 71, 74, 75, 76, 78, 81, 84, 85, 86, 87, 88, 89, 92, 93, 95, 96, 98, 119.
31. Moses Jackson violated above named laws in reference to paragraphs: 54, 55, 56, 58, 59, 60, 65.
32. Sandra Redwood violated above named laws in reference to paragraphs: 1, 2, 3, 4, 6, 7, 8, 9, 10, 19.
33. Garry Jenkins violated above named laws in reference to paragraphs: 1, 43, 46, 47.
34. Keith Waddle violated above named laws in reference to paragraphs: 1, 3, 4, 5, 6, 7, 46, 47, 61, 62, 63, 72, 73, 75, 77, 82, 83, 89, 90, 97, 99, 104, 107, 119.
35. ms. Mena violated above named laws in reference to paragraphs: 19, 27, 36, 41, 48, 54, 55, 65.
36. ms. Meadows violated above named laws in reference to paragraph: 36.
37. Seth Borchert violated above named laws in reference to paragraphs: 1, 48, 51, 52, 55, 56.
38. Tony McHan violated above named laws in reference to paragraphs: 63, 73, 77, 80, 83, 90, 94, 101.
39. Sharon Cantrell violated above named laws in reference to paragraphs: 6, 10, 63, 70, 74, 75, 78, 81, 84, 85, 86, 87, 88, 89, 92, 93, 95, 96, 102, 103, 105.
40. ms. Robins violated the above named laws in reference to paragraphs: 102, 103, 106, 110, 111.
41. Gloria Thompson violated the above named laws in reference to paragraph: 103.
42. Michael Anderson violated the above named laws in reference to paragraphs: 48, 49.
43. Taylor Landers violated the above named laws in reference to paragraphs: 1, 54, 63
44. John Rodgers violated the above named laws in reference to paragraphs: 1, 68, 70, 72, 73, 75, 77, 99, 104, 107.
45. mr. Lowe violated the above named laws in reference to paragraphs: 1, 2, 3, 4, 7, 8, 19, 27, 32, 33, 41, 46, 47.
46. Samuel Knight violated the above named laws in reference to paragraphs: 1, 72, 73, 74, 75, 77, 84, 86, 87, 89, 90, 99, 104, 107.
47. Steven Mitchell jr. violated the above named laws in reference to paragraphs: 1, 81, 82, 83, 88, 89, 90, 95, 96, 99, 104, 107.
48. Warren Walker. violated the above named laws in reference to paragraphs: 1, 78, 79, 80, 99, 104, 107.
49. Randall Watson violated the above named laws in reference to paragraphs: 1, 3, 7, 56, 63, 73, 77, 80, 82, 83, 84, 87, 89, 90, 91, 93, 94, 97, 99, 101, 102, 104, 107, 108, 109, 110, 111, 114, 119.
50. Mr. Franks violated the above named laws in reference to paragraphs: 1, 2, 3, 4, 7, 59, 68.
51. Dexter Payne violated the above named laws in reference to paragraphs: 1, 2, 3, 4, 7, 8, 19, 27, 32, 33, 41, 47, 56, 63, 73, 77, 79, 80, 83, 90, 94, 101, 104, 107, 119.
52. Jesse Jackson III violated the above named laws in reference to paragraphs: 1, 92, 93, 94, 99, 104, 107.

53. Michael Demery violated the above named laws in reference to paragraphs: 1, 100, 101, 102, 104, 107.
54 ms. Cookrey violated the above named laws in reference to paragraph: 50.
55. mr. Green violated the above named laws in reference to paragraphs: 37, 38, 39.
56. ms. Cowden-Smith violated the above named laws in reference to paragraphs: 1, 2, 3, 4, 7, 12, 13, 14, 15, 31, 51, 59, 60.
57. mr. Roberson violated the above named laws in reference to paragraph: 37.
58. mr. Arnold violated the above named laws in reference to paragraph: 37.
59. ms. Coleman violated the above named laws in reference to paragraph: 37.
60. mr. Ricketts violated the above named laws in reference to paragraphs: 56, 57.
61 unknown K9 people violated the above named laws in reference to paragraph: 28.
62. unknown medical people violated above named laws in reference to paragraph: 21.
63. ms. Hudson violated above named laws in reference to paragraphs: 1, 2, 3, 4, 7, 24, 30, 51.
64. Brian Cockrell violated above named laws in reference to paragraphs: 1, 28, 29, 32, 33, 41.
65. Lucretia Jackson violated above named laws in reference to paragraphs: 9, 10, 67, 71, 76, 98.
66. mr. Williams violated above named laws in reference to paragrah: 37.
67. Jason Kelley violated above named laws in reference to paragraph: 106.
68. Gary Griffin violated above named laws in reference to paragraphs: 100, 106.
69. D. Compton violated above named laws in reference to paragraph: 100.
70. unknown grievance person violated above named laws in reference to paragraphs: 6, 10, 18, 19, 20, 22, 26, 27, 33, 34, 41, 46, 47, 48, 49, 54, 55, 56, 57, 58, 60, 63, 67, 72, 73, 75, 77, 80, 83, 90, 94, 101, 102, 103, 104, 106, 107, 108, 109, 110, 111, 114, 119.
71 unknown people violated above named laws in reference to paragraphs: 19, 41, 45, 46, 47.
72 unknown people violated above named laws in reference to paragraphs: 1, 2, 3, 7, 69, 72, 73, 75, 77, 79, 80, 96, 97, 99, 101, 102, 103, 104, 106, 107.
73. unknown liability insurance company(s) are liable for action under ACA 23-79-210.

VII Prayer of Relief

1. Declaration the acts and omissions described herein violated Ward's rights.
2. Permanent injunctions for the Following:
   - Allow those going to disciplinary hearing to submit questions to witnesses,
   - Allow the inmate to know the answers to those questions.
   - Allow the inmate to view the video before naming witnesses.
   - Allow the inmate to view all evidence that is available.
   - Get new disciplinanary hearing officers, ones that can and will be impartial.
   - Give reasons why the inmate is found guilty.
   - Give reasons why the disciplinary is affirmed.
   - Answer all appeals timely.
   - Give an alternative remedy in case you don't.
3. Compansory damages from each defendant in the amount of $50,000 seprately.
4. Nominal damages.
5. Punitive damages from each defendant in the amount of $100,000 seprately.
6. Recovery for the cost of this suit.
7. Any attorney fees that occured in this suit.
8. Any other addition relief the court deems just, proper, and/or equitable.
9. Erase all disciplinaries off my record as if they were never wrote.
10. Allow me to hold "jobs" that are meaningful to me and my rehabilitation, or no job at all.

Respectfully Submitted

Chris Ward 651503
PO Box 400
Grady AR 71644

Verification

I have wrote the foregoing complaint and hereby verify that the matters alleged therein are true except matters alleged on information and belief, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Grady, Arkansas on 9-25-16.

Chris Ward

Chris Ward