**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**CHRIS WARD,
ADC # 651503**                                                                                                **PLAINTIFF**

**V.**                        **CASE NO. 5:16-CV-00312 BSM/BD**

**WENDY KELLEY, et al.**                                                                                **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Chief Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.     Discussion:**

Plaintiff Chris Ward, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights case without the help of a lawyer. (Docket entry #1) Mr. Ward brought this action against seventy-three defendants and raised a number of unrelated

claims in his complaint. (#2) There were several problems with his complaint, so the Court gave him a chance to amend his complaint and cure the deficiencies. (#4)

Mr. Ward wrote a letter to the court that has been docketed as his amended complaint. (#5) In the letter Mr. Ward writes, "[m]y lawsuit rest[s] in 1-9, 10 being a supervisor liability thing" and "119 is also a supervisor liability." [1] (#5) Mr. Ward explains that, "[t]his lawsuit is about the disciplinary process" and states that he cannot amend his complaint because he "already did the best I could." (#5) The Court construes Mr. Ward's letter as a choice to proceed with his due-process claims and corrective-inaction claims.[2]

Mr. Ward alleges that, as a result of this flawed disciplinary process, he lost contact visits, hobby craft privilege, special projects privilege, mail, a Christmas sack, and his ability to buy products at the commissary. (#2) He further alleges that he was assigned to administrative segregation, assigned to punitive isolation for up to 30 days at a time, assigned an unsatisfactory job, was moved to various units, and also that his

---

[1] In his complaint, allegations 1-9 relate to an allegedly flawed disciplinary process. (#2) In allegation number 10, Mr. Ward complains about the policy barring grievances about the disciplinaries or the disciplinary process. He alleges that he wrote letters to Defendants Kelley and Hutchinson and several others about the disciplinary process. In allegation number 119, he alleges that he corresponded with people in positions to change the unfair process, but to no avail. (#2)

[2] Mr. Ward states that he is bringing supervisor-liability claims, but read liberally, his allegations should be deemed corrective-inaction claims. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)(In a § 1983 action, a supervisor may not be held vicariously liable for the constitutional violations of a subordinate on a respondeat superior theory.)

classification was reduced, all as a result of the flawed disciplinary process. Unfortunately for Mr. Ward, even if this is all true, his allegations fail to state a constitutional claim for relief.

Procedural due process under the Fourteenth Amendment is triggered only if the prisoner has a liberty interest at stake.  See *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).  The test is whether the conditions imposed on the prisoner are serious enough to be deemed "atypical and significant" deprivations.

None of the punishments Mr. Ward lists are serious enough to show that he has been deprived of a liberty interest.  See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and  *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level and that thirty days in punitive segregation is not an atypical and significant hardship); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)(prisoners have no liberty interest in being housed in or transferred to a particular prison unit); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam)(prisoners have no constitutional right to a particular prison job)*; Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges); *McKinnon v. Norris*, 366 Ark. 404 (2006)(the Supreme Court of

Arkansas has found that there is no liberty interest in the accumulation or loss of good-time credits under Arkansas law).

Mr. Ward complains about the unfairness of the grievance procedure, but the law is settled that the Constitution does not guarantee inmates a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not enough to state a federal claim for relief. Since Mr. Ward has not stated a due-process claim, his corrective-inaction claim also fails.

### III. Conclusion:

The Court recommends that Mr. Ward's lawsuit be DISMISSED, without prejudice, for failure to state a federal claim for relief. This dismissal should count as a strike.

DATED this 3rd day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE